USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-22-15

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY CARTER
*Corporation Counsel*

ANDREW LUCAS
*Assistant Corporation Counsel*
Phone: (212) 356-2373
Fax: (212) 356-3509
alucas@law.nyc.gov

*[Handwritten endorsement:]* The amended complaint having been filed, plaintiff's application is denied without prejudice to the right to seek the requested information in pretrial discovery.
SO ORDERED.
/s/ [signature]
USDJ
9-21-15

September 16, 2015

**MEMO ENDORSED**

By ECF
Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Richardson v. City of New York, et al., 15 cv 5775 (PKC)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Zachary Carter, Corporation Counsel of the City of New York, representing defendant City of New York in the above-referenced civil rights matter. Defendant submits this letter in response to plaintiff's letter motion filed September 10, 2015, docket entry [24], and the Court's subsequent order dated September 11, 2015, docket entry [26].

      At the outset, defendant notes that counsel was on trial through last week before the Honorable Judge Buchwald, something that plaintiff's counsel was aware of when filing his motion. To the extent trial, and trial preparations, slowed communications between the parties defendants regret that fact. Defendant also acknowledges receipt of the August 11, 2015 letter and attachments, and confirms that those documents assisted in making identifications.

      Defendant initially identified thirteen of the potential John Doe defendants and disclosed that information to plaintiff's counsel. This includes twelve identifications based upon badge numbers and one based upon the video stills. On providing that information to the plaintiff his counsel followed up and requested additional information regarding two specific badge numbers. Both of those John Doe defendants have subsequently been identified and disclosed.

      Finally, defendant notes that plaintiff has identified a staggering 28 individuals as defendants in this action, but identified only one as placing him under arrest and two individuals as subsequently taking custody of him. Docket entry [1] ¶¶ 86-87. He states that three other individuals had some momentary incidental contact only. Docket entry [1] ¶ 88. He then alleges

that of the remaining twenty two proposed defendants eighteen are identified as failing to intervene, docket entry [1] ¶ 89, and four are identified as not being present at all but named under a supervisory theory. Defendant believes the addition of nearly thirty individual defendants is unnecessary, will complicate this litigation, and is meritless besides. Defendant further notes that all the individuals who plaintiff claims had any actual contact with him, including the three who had only momentary incidental contact, have been identified at this time.

For these reasons, defendant believes that plaintiff's motion should be dismissed as moot.[1] Thank you for your consideration.

Respectfully submitted,
/s/
Andrew Lucas
*Assistant Corporation Counsel*

cc: *By ECF*
Dave Thompson
*Attorney for Plaintiff*

---

[1] Defendants further note that it was plaintiff's decision to wait until the statute of limitations loomed before filing his action. See Felmine v. City of New York, 09 CV 3768 (E.D.N.Y. September 29, 2011).