

**THE CITY OF NEW YORK**

# LAW DEPARTMENT

**ZACHARY W. CARTER**
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NY 10007

**Andrew Lucas**
*Senior Counsel*
Tel.: (212) 356-2373
Fax: (212) 356-3509
*alucas@law.nyc.gov*

December 14, 2015

**By ECF**
Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   Richardson v. City of New York, et al., 15 cv 5775 (PKC)

Your Honor:

I am Senior Counsel in the office of Zachary Carter, Corporation Counsel of the City of New York, representing defendants in the above-referenced civil rights matter. Defendants submit this pre-motion letter per the Court's individual practices, § 2(A)(1), to request leave to file a motion to dismiss under Fed. R. Civ. P. 12(b).

Plaintiff alleges that on September 17, 2012, plaintiff was arrested in front of 28 Broadway at an Occupy Wall Street event. See Plaintiff's First Amended Complaint, docket entry [29], ¶ 2. At 10 AM plaintiff was making plans with other Occupy Wall Street protestors he had been reunited with. Id. ¶ 69. Police officers pushed plaintiff with a baton held lengthwise before pulling him through a crowd of police officers. Id. ¶ 81. Plaintiff was put on a police bus and flex-cuffs were put on his wrists. Id. ¶ 86. The flex cuffs caused pain and numbness. Id. ¶ 86. Plaintiff asked that his flex cuffs be loosened because of the pain, and an officer agreed, but then loaded more people on the police bus. Id. ¶ 89-91. Plaintiff's flex cuffs were removed an hour later. Id. ¶ 92. Plaintiff was charged with disorderly conduct and held for 13 hours. Id. ¶ 93, 97. Plaintiff's charges were dismissed when the District Attorney declined to prosecute the charges. Id. ¶ 99.

Plaintiff concedes that at least four of the high ranking individual defendants were not present. Id. ¶ 85. He only alleges that eight defendants had any direct involvement in his arrest, but has named thirty one defendants. Id. ¶ 80-99, 110.

Plaintiff brings six federal claims: false arrest; excessive force; failure to intervene; and for municipal liability under Monell.[1]

Defendants move to dismiss plaintiff's arrest and prosecution as plaintiff has not set forth a plausible claim and probable cause, or arguable probable cause, exist; plaintiff does not raise a colorable claim for excessive force, and plaintiff fails to adequately state a claim under Monell; plaintiff's vague failure to intervene claim also fails with respect to the represented parties.[2]

Evaluating the sufficiency of a complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The Court may and should disregard "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. at 663. After examining the remaining factual matter, if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the Amended Complaint has alleged - but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)).

Here, plaintiff has declined to provide any facts that indicate that his arrest was improper. He has provided facts that indicate it was an anniversary for Occupy Wall Street, and that he gathered with other protestors in front of 28 Broadway before his arrest. Plaintiff has not denied, and cannot in good faith deny, that officers were issuing dispersal orders, or that protestors were blocking sidewalks in that area. Conversely, plaintiff has admitted that he was reunited with a group of protestors prior to his arrest on a day when individuals gathered throughout the City. Plaintiff's only other factual allegations indicate that he was pushed from behind and grabbed for arrest. This classically threadbare recital of facts requires dismissal of plaintiff's claims and his allegations.

The existence of probable cause constitutes justification and is a complete defense to a claim of false arrest and imprisonment. Hyde v. Caputo, 2001 U.S. Dist. Lexis 6253, * (E.D.N.Y. 2001); citing Covington v. City of New York, 171 F.3d 117, 112 (2d Cir. 1999). Where there is probable cause to arrest for any offense, charged or not, a false arrest claim is subject to dismissal. Marcavage v. City of New York, 689 F.3d 98, 110 (2d Cir. 2012); citing Jaegly v. Couch, 439 F.3d 149, 154 (2d Cir. 2006); see also Devenpeck v. Alford, 543 U.S. 146, 153-54 (2004); Zellner v. Summerlin, 494 F.3d 344, 369 (2d Cir. 2007).

"Probable cause exists where the facts and circumstances within the officer's knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been, or is being committed by the person to be arrested." Dunaway v. New York, 442 U.S. 200, 208 (S. Ct. 1979).

---

[1] Plaintiff has generally referenced the First Amendment alongside other constitutional amendments in his first cause of action, but without clarifying whether he intends to press a claim in that regard. Defendants intend to move to dismiss that claim to the extent it is being asserted.

[2] There is no indication that the vast majority of defendants have been served at this time. To the extent those individuals are timely added, counsel expects the claims against many of the remaining defendants may be subject to dismissal as well. In the interest of clarity and to avoid duplicative motion practice, defendants would ask that any briefing be delayed to allow plaintiff to serve any parties he still intends to bring into this lawsuit.

Even if probable cause is lacking, plaintiff's claims must be dismissed if the defendants are entitled to qualified immunity.  A police officer is entitled to qualified immunity from a claim for arrest without probable cause if: (1) it was objectively reasonable for the officer to believe that probable cause existed; or (2) officers of reasonable competence could disagree on whether there was probable cause.  Zellner v. Summerlin, 494 F.3d 344, 369 (2d Cir. 2007) (citations omitted).  "An officer's actions are objectively unreasonable when no officer of reasonable competence could have made the same choice in similar circumstances." Lennon v. Miller, 66 F.3d 416, 420-21 (2d Cir. 1995).

The Supreme Court has noted "[t]he qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'"  Hunter v. Bryant, 502 U.S. 224, 229 (1991) (per curiam) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).  Plaintiff's bare allegations are insufficient to

Plaintiff's assault and excessive force claims must be dismissed as plaintiff fails to present a Constitutional claim.  Plaintiff pleads that he was pushed once and held in flex-cuffs for 1 hour, because an officer got distracted after agreeing to loosen his cuffs.  This resulted in bruising and numbness.  "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment."  Graham v. Connor, 490 U.S. 397; *citing* Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).  The Second Circuit has been clear that minimal injuries also speak to the reasonableness of force used.  Tracy v. Freshwater, 623 F.3d. 90, 97 (2d Cir. 2010) (Striking multiple times with a metal flashlight in the course of a hand-to-hand struggle is subject to qualified immunity, even where plaintiff claims he was not resisting).  The level of injuries has been particularly instructive when looking to handcuffing. "'Frequently, a reasonable arrest involves handcuffing the suspect, and to be effective[,] handcuffs must be tight enough to prevent the arrestee's hands from slipping out.'"  Grant v. City of New York, 500 F. Supp. 2d 211, 217 (S.D.N.Y. 2007).  An "allegation of sore, yet uninjured, wrists [as a result of handcuffing] simply does not rise to the level of objective excess that reasonable police officers would consider to be unlawful conduct in an arrest situation."  Wilder v. City of Amityville, 288 F. Supp. 2d 341, 344 (E.D.N.Y. 2003).

Plaintiff presents no claim of injury beyond bruising and unspecified pain, and for this reason alone his claim should be dismissed.  Furthermore, plaintiff does not note any medical treatment, he does not plead a lengthy duration of bruising or pain, and he does not indicate that officers deliberately disregarded his request, only that other duties required their attention.  Plaintiff has failed to state a claim for excessive force and that claim must be dismissed.  Alternatively the officers should be entitled to qualified immunity.

Finally, plaintiff's claim under Monell must be dismissed.  Where there is no underlying constitutional violation, there can be no liability pursuant to Monell.  City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).  A municipal liability claim should be dismissed where plaintiff merely states conclusory allegations of municipal policy and practice and fails to allege facts from which the court may infer an actual causal link between the custom or policy and alleged constitutional violation.  See, e.g., Cuevas v. City of New York, No. 07-cv-4169 (LAP), 2009 U.S. Dist. LEXIS 114984, at *12 (S.D.N.Y. Dec. 7, 2009) ("Baldly asserting that Plaintiff's injuries are the result of the City's policies does not show this Court what the policy is

or how that policy subjected Plaintiff to suffer the denial of a constitutional right"); 5 Borough Pawn v. City of New York, 640 F. Supp. 2d 268, 299-300 (S.D.N.Y. 2009).  Plaintiff's various theories under Monell should be dismissed as unsupported, implausible, and bearing no link to his alleged violations regardless.

        For all these reasons, and other reasons that will be set out fully in our motion to dismiss, plaintiff's complaint should be dismissed in its entirety and with prejudice.  Defendants request a conference before the Court to discuss the issues raised in this letter, or alternatively a briefing schedule to fully present the parties positions.  Defendants further note, as discussed above, that deferred briefing may be appropriate to allow plaintiff to resolve any service issues.  Thank you for your consideration.

                                            Respectfully submitted,
                                            /s/
                                            Andrew Lucas
                                            *Senior Counsel*

cc:    By ECF
       Dave Thompson
       Stecklow and Thompson
       217 Centre Street, 6th Floor
       New York, NY 10013