# DAVID A. THOMPSON
# STECKLOW & THOMPSON

217 CENTRE STREET, 6TH FLOOR
NEW YORK, NEW YORK 10013
TEL: (212) 566-8000
FAX: (212) 202-4952
DAVE@SCTLAW.NYC

December 16, 2015

**By ECF**
Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

              Re:      Richardson v. The City of New York, et al., 15 cv 5775 (PKC)

Dear Honorable Judge Castel:

      I write on behalf of the plaintiff in the above-captioned action. Pursuant to this Court's individual rule 4.A.1, this is a pre-motion letter, requesting leave to submit a motion seeking, *inter alia*, an extension of time to serve the individual defendants in the above-captioned action. Yesterday, I requested the defendants' consent to this motion by email and by voice message. I have not yet received a response.

      The original complaint in this action was filed on July 22, 2015. All of the named defendants in that complaint were served on or before September 22, 2015. As far as I am aware, there is no dispute as to the efficacy of service. The first amended complaint was filed on September 17, 2015, naming 13 individual defendants in addition to those named in the original complaint. As of today, all of these additional defendants have been served with the exception of three: 1) P.O. David Scott, 2) P.O. Charles Carey, and 3) Sgt. Vallison Isaac.

      At the time the first amended complaint was filed, the time to serve under the federal rules was 120 days. Effective December 1, 2015, the period for service is now 90 days. I am not aware of case law stating whether the amendment of Rule 4 applies to pending cases, or is applicable only to cases filed on or after December 1st. Item 2 in the Order of the Supreme Court implementing the rule changes admits for doubt on this point. (See http://www.supremecourt.gov/orders/courtorders/frcv15_5h25.pdf, page 3). For the avoidance of such doubt, the plaintiff respectfully requests that the Court issue the Order requested. If the 90 day period were applicable, the deadline for service would be today. If the 120 day period for service were applicable, the deadline for service would be January 15, 2016. The plaintiff has not previously requested any extension of time. The Initial Conference in this case is set for January 22, 2016 at 10:30 AM.

      When the first amended complaint was filed, I attempted to locate the business addresses of the 13 individual defendants by calling the Verifications office at the NYPD. Verifications provided phone numbers only: the office claims not to possess a directory of NYPD units that includes addresses. Verifications refused to provide phone numbers for the units P.O. David Scott and P.O. Halima Smith were assigned to. According to Verifications, when the police

1

officer has a common last name, they are unable to locate the officer without a current badge number or tax ID. (The badge numbers in the plaintiff's possession are those used by the officers in 2012, not today). Several of the phone numbers provided by Verifications were never answered when called.

On October 13, 2015, I sent a email to counsel for the defendants with the names of each defendant and the corresponding phone numbers provided by Verifications. I asked for confirmation that the information was correct, and asked for the locations at which the individuals could be served. I noted that I was unable to obtain any information regarding three defendants, and asked for contact and address information for these individuals. I did not receive a response.

For some of the phone numbers provided by Verifications, I was able to obtain a corresponding address, either by calling the number itself or by calling other units within the NYPD. In some cases I was able to confirm that the individual in question was actually assigned to the unit in question.

Verifications provided incorrect information for P.O. Charles Carey. Verifications identified a police unit P.O. Carey was allegedly assigned to, and its phone number ("Property Clerks," 718-624-3789). No-one ever answered that phone, after multiple call attempts. By calling other offices within the NYPD, I was able to obtain the address that corresponds to the phone number provided by Verifications. Yesterday, my clerk went to that address (11 Front Street, Brooklyn N.Y.) and was told (correctly or not) that P.O. Carey is not assigned there. The NYPD employees there refused to accept service. Yesterday, I called Verifications again, and they stated that P.O. Carey is assigned to the Verifications unit itself (at One Police Plaza). I am not sure whether to believe that or not.

The 212 number provided by Verifications for the police unit Vallison Isaac is allegedly assigned to has never been answered in multiple call attempts. By calling other units within the NYPD, I yesterday obtained information suggesting that the unit identified by Verifications is reachable at a 718 number. Calling that number, I have been told that Sgt. Isaac is assigned to that unit, at 130-30 28th Avenue, College Point N.Y., 11354. While this may be correct, based on the experience with P.O. Carey, I would like confirmation from counsel for the defendants before attempting service there.

With the foregoing background in mind, the plaintiff respectfully requests leave to submit a motion seeking the following relief:

1) that the Court direct the defendant City of New York to provide or confirm the business address for P.O. David Scott, P.O. Charles Carey, and Sgt. Vallison Isaac; and

2) that the Court issue an Order extending the plaintiff's time to serve these three individuals until 30 days after the City of New York provides the information in item 1.

Respectfully submitted,

David Thompson

2