# DAVID A. THOMPSON
## STECKLOW & THOMPSON

217 CENTRE STREET, 6TH FLOOR
NEW YORK, NEW YORK 10013
TEL:     (212) 566-8000
FAX:     (212) 202-4952
DAVE@SCTLAW.NYC

February 16, 2016

**BY ECF**
Hon. P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, Ny, 10007

    Re: <u>Richardson V. The City Of New York</u>, 15-cv-5775 (PKC)

Dear Honorable Judge Castel:

  I write as counsel for the plaintiff in the above-captioned action. On December 16, 2015, in response to the plaintiff's letter motion of the same date (Docket No. 51) this Court directed the Office of Corporation Counsel to provide or to confirm the business addresses of two defendants who had not yet been served by January 15, 2016, and granted the plaintiff additional time to serve said defendants until February 16, 2016. (See Docket No. 63). On January 15, 2016, the Office of Corporation Counsel provided business addresses for the two defendants. My office served the two defendants at those addresses. I am now informed by the Office of Corporation Counsel that one of the defendants (Officer Scott) was retired. In other words, although the Office of Corporation Counsel provided a purported business address for Officer Scott, the information was out of date, and Officer Scott was apparently no longer servable at the business address where my office served him.

  Andrew Lucas, counsel for the defendants, informed me on February 10, 2016 that he was making inquiries to determine where Officer Scott could be served. I asked that, in the alternative, the Office of Corporation Counsel ask Officer Scott to waive service entirely. I have not yet heard back from counsel concerning where Officer Scott can be served, if service is still required. I have been told that the other defendants take no position with regard to any extension of time to serve Officer Scott under 4(m). By this letter, I respectfully request an extension of time to re-serve Officer Scott once a correct service address is provided. I respectfully request two weeks for such service, counting from the first business day after the correct service address is provided.

With regard to both Officer Scott and the other officer who was the subject of the December 16, 2015 Order, there is another issue that I would like to bring to the Court's attention. It is my understanding that the Office of Corporation Counsel has not yet been engaged as the attorney for Officer Scott. It is also my understanding that Officer Isaac (who has been served) has engaged the Office of Corporation Counsel to be his attorney. Officer Isaac apparently intends to move the Court for an amendment of the notice of motion of the Rule 12(b)(6) motion to dismiuss filed on January 29, 2016 (Docket No. 68), so that Officer Isaac would become one of the movants on that motion. I do not know whether Officer Isaac intends to offer any additional argument. It is my understanding that, assuming that the Office of Corporation Counsel is engaged by Officer Scott, that Officer Scott will similarly seek to be made part of the motion already filed. However, it is my understanding that the Office of Corporation Counsel, because it has not been retained by Officer Scott, cannot say definitely what Officer Scott may seek to do once served.

In another matter which I am litigating against the City, a similar problem arose, in which there was confusion as to whether or not individual defendants were parties to a defense motion that had been filed prior to service of those defendants. The issue caused considerable inconvenience to all sides, and to the Court. I write to seek to avoid such a problem in the present case.

The plaintiff does not oppose amendment of the January 29, 2016 notice of motion to incorporate Officers Isaac and Scott into the motion -- if that is what these defendants decide to do. However, the plaintiff would like to know who is, and who is not, part of the motion before responding to it. Accordingly, I respectfully request that the Court extend the plaintiff's time to oppose the motion (currently due February 26, 2016), or to amend as of right pursuant to Rule 15 (currently February 19, 2016), to a date 21 days after the appearance of both Officer Isaac and Officer Scott in this litigation; or 21 days after both defendants either join the pending motion by amendment of the notice of motion or file a declaration of their intention not to seek such amendment; whichever is later.

Sincerely,

David Thompson, Esq.

cc: Andrew Lucas, Esq.