

**ZACHARY CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

ANDREW LUCAS
*Senior Counsel*
Phone: (212) 356-2373
Fax: (212) 356-3509
alucas@law.nyc.gov

February 17, 2016

**By ECF**
Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    Richardson v. City of New York, et al., 15 cv 5775 (PKC)

Your Honor:

    I am a Senior Counsel in the office of Zachary Carter, Corporation Counsel of the City of New York, representing defendants in the above-referenced civil rights matter. Defendants submit this letter in response to plaintiff's letter motion filed February 16, 2016, docket entry [72].

    As explained by plaintiff, Officer Scott retired from the Police Force prior to service being affected. This was unexpected, and upon learning he had retired counsel immediately sought to reach out to him to determine whether he would consent to service at 1 Police Plaza. Defendants also informed plaintiff's counsel and indicated that they take no position with regard to an extension of time to serve under 4(m) as Officer Scott is presently unrepresented, and presumably unaware of this matter. Similarly however, counsel for defendants cannot accept service on behalf of this uncontacted, unserved individual.

    Plaintiff notes that a similar matter arose in another case, where the Court set a motion schedule for a 12(b) motion, and plaintiff served individual defendants shortly after the motion was filed per the Court order.[1] In that case defendants filed their 12(b) motion on August 7, 2015. Plaintiff served the defendants on August 11, 2015. Here defendants were ordered to file their motion by January 29, 2016. Plaintiff served the defendants on February 1, 2016.

---

[1] That case is Southern District of New York docket no. 13 cv 2017 (LAP)

Here, the defendants who were served after the Rule 12(b) motion, Officers Isaac and Scott, are part of this matter through a failure to intervene theory. That theory was briefed and considered on identical grounds with respect to many of the other 20 individual defendants. For this reason the inclusion of Officer Isaac (or Officer Scott) would not substantively change the arguments that plaintiff should be on notice to respond to. At this juncture defendants do not intend to alter the memorandum of law because of the inclusion of Officer Isaac on the already argued failure to intervene theory.

As Officer Isaac was served after the so-ordered date to file the motion to dismiss, and as Officer Isaac is now represented, defendants request that the Court accept Officer Isaac as included in the pending motion to dismiss *nunc pro tunc*. Defendants do not oppose plaintiff's request for an extension of time to file any opposition papers, but do oppose plaintiff's request to extend his time to amend his complaint under Fed. R. Civ. P. 15. Plaintiff had 34 months to perfect his theory of the case before bringing this action. Subsequently, on September 18, 2015, plaintiff filed a First Amended complaint. Docket entry [29]. Further extending time to amend a complaint years out, after an amendment has already been allowed would only serve to further delay this action and a ruling on the pleadings. Additionally, the inclusion of Officer Isaac in the motion has no substantive effect on the substance of plaintiff's pleadings or the arguments plaintiff should have been on notice to oppose.

For these reasons, defendants take no position with respect to plaintiff's motion to extend time to serve retired Officer Scott, request that Officer Isaac be included in the motion to dismiss *nunc pro tunc,* oppose plaintiff's request for additional time to amend his complaint, and consent to plaintiff's request for an extension of time to oppose.

Respectfully submitted,
/s/
Andrew Lucas
*Senior Counsel*

cc: *By ECF*
Dave Thompson
*Attorney for Plaintiff*