**MEMO ENDORSED**

DAVID A. THOMPSON
STECKLOW & THOMPSON

217 CENTRE STREET, 6TH FLOOR
NEW YORK, NEW YORK 10013
TEL: (212) 566-8000
FAX: (212) 202-4952
DAVE@SCTLAW.NYC

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2-18-16

February 17, 2016

*Time to respond to motion is stayed. Counsel shall appear at a conference on Feb. 26, 2016 at 12:00 p.m. SO ORDERED. /s/ P. Kevin Castel, USDJ 2-18-16*

BY ECF
Hon. P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY, 10007

Re: Richardson V. The City Of New York, 15-cv-5775 (PKC)

Dear Honorable Judge Castel:

I write as counsel for the plaintiff in the above-captioned action.

On December 16, 2015, this Court directed the City of New York and the Office of Corporation Counsel to provide an address where defendant Officer Scott could be served. This Court gave the Office of Corporation Counsel 30 days to provide such service information for Officer Scott. Corporation Counsel waited until the 30th day to provide that information. The information provided was wrong. Corporation Counsel has not corrected this error, more than 30 days later. Corporation Counsel has made no commitment to locate Officer Scott within a fixed time, and, at the same time, has provided no explanation as to why this recently-retired officer should be so elusive that he has not yet been found. Corporation Counsel's complaint that the plaintiff's request would "serve to further delay this action and a ruling on the pleadings" is thoroughly disingenuous.

Nor can Corporation Counsel provide assurance that Officer Scott's appearance will not modify the motion substantially. Counsel for the defendants represent that they have not yet located Officer Scott, have not communicated with him, and do not represent him. The Office of Corporation Counsel insists, for example, that it is without power to waive service on Officer Scott's behalf. Given this, counsel for the defendants can only speculate as to what position Officer Scott may take when he appears.

The fact that Officer Scott is not yet part of the case is a problem created by the Office of Corporation Counsel. The extension of both of the two deadlines relating to the pending 12(b)(6) motion is a reasonable solution to the problem the defendants have created. Among other things,

it may incentivize the Office of Corporation Counsel to comply with this Court's December 16, 2015 order sooner, rather than later.

For the foregoing reasons, the plaintiff respectfully requests that this Court disregard the defendants' objections to the plaintiff's request to amend the schedule for opposition to the motion and/or amendment of the pleadings, and grant the relief requested.

Sincerely,

David Thompson, Esq.

cc: Andrew Lucas, Esq.