UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LUKE RICHARDSON,

                              Plaintiff,

               -against-

THE CITY OF NEW YORK, a municipal entity, FORMER NYPD COMMISIONER RAY KELLY, FORMER MAYOR MICHAEL BLOOMBERG, FORMER NYPD CHIEF OF PATROL JOSEPH ESPOSITO, NYPD ASSISTANT CHIEF THOMAS P. PURTELL, NYPD DEPUTY CHIEF STEVEN ANGER, NYPD DEPUTY CHIEF JAMES MCNAMARA, NYPD CAPTAIN MARK IOCCO, NYPD OFFICER IVAN BAUTISTA (SHIELD NO. 10074), NYPD OFFICER NELSON FRIAS (SHIELD NO. 4054), NYPD OFFICER HALIMA SMITH (SHIELD NO. 3680), NYPD OFFICER EVERETT REYES (SHIELD NO. 14434), NYPD OFFICER DAVID SCOTT (SHIELD NO. 8533), NYPD OFFICER CHARLES CAREY (SHIELD NO. 1361), NYPD "JOHN DOE" SQUAD 1 SERGEANT, NYPD OFFICER RAYMUNDO FLETE (SHIELD NO. 14271), NYPD OFFICER VALLISON ISAAC (SHIELD NO. 1647), NYPD OFFICER "JOHN DOE" SQUAD 1 OFFICER 1, NYPD OFFICER "JOHN DOE" SQUAD 1 OFFICER 2, NYPD OFFICER "JOHN DOE" SQUAD 1 OFFICER 3, SERGEANT CARLETON SUDDLER, NYPD OFFICER REGINA VAILES (SHIELD NO. 4132), NYPD OFFICER LUVEN GILBERT-FIGUEROA (SHIELD NO. 9189),
NYPD OFFICER VITO CAMPANELLI (SHIELD NO. 31604), NYPD OFFICER CHAO LI (SHIELD NO. 28060), NYPD OFFICER "JOHN DOE" SQUAD 2 OFFICER, NYPD OFFICER "JOHN DOE" SQUADS LIEUTENANT, NYPD OFFICER "JOHN DOE" SECOND CAPTAIN, NYPD OFFICER "JOHN DOE" THIRD SERGEANT, DET. SOLOMON CHINNERY, NYPD "JOHN DOE" CAP WEARING OFFICER,

                              Defendants.

------------------------------------------------------------------------ x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, AND IN OPPOSITION TO PLAINTIFF'S PROPOSED AMENDED COMPLAINT**

15 CV 5775 (PKC)

# **TABLE OF CONTENTS**

**TABLE OF CONTENTS** ................................................................................................................ ii

**TABLE OF AUTHORITIES** ...................................................................................................... iii

    Plaintiff's First Amendment Claim Must be Dismissed ......................................................... - 1 -

    Dismissal of Plaintiff's False Arrest Claim is Warranted ....................................................... - 3 -

    Plaintiff Fails to Plead Involvement Of the Individual officers .............................................. - 4 -

    Plaintiff Sets Forth No Argument Against the Executive Defendants and the Claims Against them Must be Dismissed ................................................................................. - 6 -

    Plaintiff's Excessive Force Claim Must Be Dismissed........................................................... - 7 -

    Plaintiff's Monell Theories Must be Dismissed...................................................................... - 8 -

**CONCLUSION** ............................................................................................................................ - 11 -

# TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal, 556 U.S. 662 (2009) .......................................................... - 4 -, - 7 -, - 10 -, - 11 -
Bell Atlantic v. Twombly, 127 S. Ct. 1955 (2007) ........................................................... - 1 -, - 4 -
Bogart v. City of New York, 2015 U.S. Dist. LEXIS 113311 (S.D.N.Y. 2015) .............................- 7 -, - 8 -
Broughton v. State, 37 N.Y.2d 451 (1975) ................................................................................ - 4 -
Brown v. City of New York, 798 F.3d 94 (2d Cir. 2015) ........................................................... - 9 -
Caravalho v. City of New York, No. 13-cv-4174 (PKC)(MHD), 2016 U.S. Dist. LEXIS 44280 (S.D.N.Y. Mar. 31, 2016) ................................................................ - 1 -, - 4 -, - 7 -, - 10 -
Carpenter v. City of New York, 984 F. Supp. 2d 255 (S.D.N.Y. 2013) .................................- 10 -
Colon v. Coughlin, 58 F.3d 865 (2d Cir. 1995) ................................................................- 7 -, - 8 -
Distefano v. Sedita, 11 cv 1125 (MKB), 2014 U.S. Dist. LEXIS 12592 (E.D.N.Y. Jan. 31, 2014) .............................................................................................................................. - 6 -
Garcia v. Doe, 779 F.3d 84 (2d Cir. 2014) ............................................................... - 10 -, - 12 -
Heicklen v. Toala, 08 cv 2457, 2010 U.S. Dist. LEXIS 14344 (S.D.N.Y. Feb. 18, 2010) ....................... - 6 -
Jones v. Schneiderman, 974 F. Supp. 2d 322 (S.D.N.Y. 2013) ................................................. - 3 -
Lebowitz v. City of New York, 2014 U.S. Dist. LEXIS 25515 (S.D.N.Y. 2014) ................................. - 2 -
Littlejohn v. City of New York 795 F.3d 297 (2d Cir. 2015) ................................................... - 10 -
Marom v. City of New York, 15 cv 2017 (PKC), 2016 U.S. Dist. LEXIS 28466 (S.D.N.Y. Mar. 7, 2016) ................................................................ - 5 -, - 8 -, - 11 -, - 12 -
Papineau v. Parmley, 465 F.3d 46 (2d Cir. 2006) ..................................................................... - 11 -
People v. Nunez, 36 Misc.3d 172 (N.Y. City Crim. Ct. 2012) ................................................. - 10 -
Pesola v. City of New York, No. 15-cv-1917 (PKC)(SN), 2016 U.S. Dist. LEXIS 42977 (S.D.N.Y. Mar. 30, 2016) ...........................................................................- 1 -, - 4 -, - 8 -
Pluma v. City of New York, 13 cv 2017 (LAP), 2015 U.S. Dist. LEXIS 48134 (S.D.N.Y. Mar. 31, 2015) ............................................................................................................................... - 2 -
Shamir v. City of New York, 804 F.3d 553 (2d Cir. 2015) ........................................................... - 1 -, - 4 -
Thimmesch v. City of New York, 12 cv 8882 (KBF), 2013 U.S. Dist. LEXIS 53587 (S.D.N.Y. Apr. 9, 2013) ............................................................................................................. - 10 -
Walker v. City of New York, 974 F.2d 293 (2d Cir. 1992) ........................................................ - 12 -
Wong v. Yoo, 649 F.Supp.2d 34 (E.D.N.Y. 2009) ................................................................- 5 -, - 6 -

## **PLAINTIFF'S FIRST AMENDMENT CLAIM MUST BE DISMISSED**

As noted in Defendant's original moving papers, any claim plaintiff attempts to assert regarding First Amendment retaliation fails as he does not plausibly allege that his rights were violated. See Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1975 (2007) (stating a party must plead enough facts to state a claim that is plausible on its face).  To be clear, while plaintiff peppers his Amended Complaint with reference to First Amendment jurisprudence; unlike his false arrest, failure to intervene and excessive force claims he does not list a cause of action for the First Amendment See Anakhu Decl., Ex A ¶¶100-224. See Pesola v. City of New York, No. 15-cv-1917 (PKC)(SN), 2016 U.S. Dist. LEXIS 42977, at *34 (S.D.N.Y. Mar. 30, 2016) (citing Shamir v. City of New York, 804 F.3d 553, 556 (2d Cir. 2015) ("It is entirely understandable that the District Court did not adjudicate an alleged claim of excessive force. Nowhere in the complaint is there an explicit claim that excessive force was used in the course of Shamir's arrest . . . . Nevertheless, we feel obliged, with apologies to the District Court, to infer the pleading of an excessive force claim from the clues lurking beneath the inartful wording of the complaint.")); See also Caravalho v. City of New York, No. 13-cv-4174 (PKC)(MHD), 2016 U.S. Dist. LEXIS 44280, at *45 (S.D.N.Y. Mar. 31, 2016) ("While the Court strains to read the First Amended Complaint as including a fair trial claim, it will "oblige[]" plaintiffs and infer the existence of such a claim").

Despite this glaring omission and "inartful" pleading; even a generous reading of plaintiff's Complaint fails to assert a retaliatory First Amendment violation. Plaintiff essentially sums up in opposition that defendants' motion to dismiss any First Amendment claim should be denied because "[t]he complaint as a whole states such a claim". Pl's. Mem. at 8. This is conclusory and flawed as plaintiff's own admissions show that no First Amendment claim could survive. While plaintiff harps on the assertion that he was "in the financial district for the

- 1 -

purpose of taking part in the first anniversary of the first OWS march" (Pl's. Mem. at 9), he admits that at the time of his arrest he was not engaged in any activity that would be considered expressive or recognized as protective speech under the First Amendment. Plaintiff concedes that he was merely standing in front of 28 Broadway with his back turned to officers and making "plans" with other individuals "he had just reunited with" See Pl's. Mem. at 1,9; Anakhu Decl., Ex A ¶¶2, 69. Plaintiff then notes that officers were "in and around" the area where he met up with these people. Id., ¶70.

Making "plans" while standing in front of a building, without more, cannot be seen as expressive conduct that warrants protection under the First Amendment. As noted in Lebowitz v. City of New York, 2014 U.S. Dist. LEXIS 25515, 11-12 (S.D.N.Y. 2014), "[c]onduct is expressive and subject to First Amendment protection only when it is intended to express an idea and when the conduct is performed in a context where the idea could be understood by others." Id. See also Pluma v. City of New York, 2015 U.S. Dist. LEXIS 48134, at *19 (S.D.N.Y. Mar. 31, 2015) ("For conduct to be entitled to constitutional protection, it must be 'sufficiently imbued with the elements of communication,' which requires, 'at the very least, an intent to convey a particularized message along with a great likelihood that the message will be understood by those viewing it.'") (quoting Jones v. Schneiderman, 974 F. Supp. 2d 322, 333 (S.D.N.Y. 2013)). While plaintiff may arguably have been expressing an "idea" to the other individuals he was talking to about future political activities, this could not be seen as an idea broad enough to be understood by others let alone the officers present.

Here, plaintiff fails to provide even scant facts to infer that an observer let alone an officer could understand his "intent" to begin planning his next course of action as a form of political protest, let alone be motivated by it. Further, plaintiff's subjective intent or motives for meeting up with these individuals and making plans for future endeavors are irrelevant for this

First Amendment analysis[1]. In the alternative, if the Court does find that plaintiff's actions on September 17, 2012 were expressive, the individual officers would be entitled to qualified immunity. Plaintiff's act of standing in front of a building, with his back turned to officers was not clearly established to be expressive conduct and reasonable officers could differ as to whether this act was protected under the First Amendment.  Based on the foregoing and defendants' initial moving papers any claim predicated on the First Amendment should be dismissed.

## DISMISSAL OF PLAINTIFF'S FALSE ARREST CLAIM IS WARRANTED

Plaintiff asserts that his false arrest claim should remain intact as defendants' made reference to dispersal orders being issued in his Complaint for another OWS event. See Pl's. Mem. at 1. Contrary to plaintiff's assertions, the order referenced by defendants only strengthens defendants' argument as it relates to the plausibility of many of the allegations within his Complaint. Plaintiff admits that officers gave dispersal orders to protestors prior to making arrests at OWS demonstrations; yet he conveniently claims that an order to disperse was not issued as it relates to his arrest. This is exactly what the Supreme Court cautioned courts about when evaluating the sufficiency of a pleading. When looking to a theory that as alleged is "consistent with an unlawful" purpose, the Court must still dismiss the same claim where it is "more likely explained by, lawful [] behavior." Atlantic Corp. v. Twombly, 550 U.S. 544, 567 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 681-2 (2009) ("Taken as true, these allegations are consistent with [discrimination based on race, religion or national origin. But given more likely explanations they do not plausibly establish this purpose."). While plaintiff omits that orders to disperse were given, he in detail describes that he and others near him were being

---

[1] This might also explain why plaintiff didn't bother to plead a First Amendment claim in the first place even though he claims he was arrested during the first anniversary of OWS.

physically moved from the sidewalk by officers as they held batons in both hands extended in front of them. Anakhu Decl., Ex A ¶¶2, 80. This action alone indicates that officers were attempting to clear the area where plaintiff stood. It is also well documented that dispersal orders and warnings were given to protestors associated with OWS prior to arrests being made. See generally Shamir v. City of New York, 804 F.3d 553 (2d Cir. 2015); Pesola v. City of New York, 2016 U.S. Dist. LEXIS 42977 (S.D.N.Y. 2016); Caravalho v. City of New York, 2016 U.S. Dist. LEXIS 44280 (S.D.N.Y. Mar. 31, 2016).While plaintiff relies on Broughton v. State, 37 N.Y.2d 451 (1975) defendants note that Broughton is a 1975 decision by a New York State Court about a plaintiff's pleading requirements for a state law tort; this state law case does not allow plaintiff to argue, in an Iqbal and Twombly world applying federal pleading standards, that plaintiff can plead a claim by merely reciting legal elements[2].

## PLAINTIFF FAILS TO PLEAD INVOLVEMENT OF THE INDIVIDUAL OFFICERS

Plaintiff's decision to name over two dozen defendants caused him to acknowledge that these officers need to be looked at in at least three tranche's as set forth in his opposition. As defendants set forth in their memorandum however, breaking them down by allegations shows a lack of any substantive claim against them.

Plaintiff concedes that there can only be liability for intentional involvement, and then only to the extent they knew of facts rendering the actions of another officer illegal. Marom v. City of New York, 15 cv 2017 (PKC), 2016 U.S. Dist. LEXIS 28466, *52-53 (S.D.N.Y. Mar. 7, 2016). This requirement alone requires dismissal against the bulk of the defendants. Nowhere does plaintiff allege any action by "group 1" defendants Bautista and Suddler, that could make them liable under a failure to intervene theory, or that they had knowledge that the arrest of

---

[2] Defendants also note that Jenkins v. City of New York, 478 F.3d 76 (2d Cir. 2007) and Savino v. City of New York, 331 F.3d 63 (2d Cir. 2003), relied upon by plaintiff also pre-date Iqbal and Twombly.

plaintiff was improper[3]. The Citation to Anakhu Decl. Ex A ¶ 70-74 is a non-sequitor in that regard.

Similarly, with regard to the "group 2" defendants, plaintiff apparently claims vaguely that they were "seizing, grabbing or pushing the plaintiff." Pl's. Mem. at 6. He then cites to Wong v. Yoo, 649 F.Supp.2d 34, 61 (E.D.N.Y. 2009). That cite is misleading – in Wong officer Viani was in no way "limited to managing crowd control" as plaintiff claims, but he was involved in the investigation and provided relevant fact to the arresting officer, his partner, before the arrest decision was made. If his role was limited to crowd control, as the group 2 officers are, the claim would have been dismissed for a lack of personal involvement. Id. at 54.

With respect to the group three officers plaintiff sets forth no substantive argument, again merely misquoting Wong, and citing to a conclusion that other officers were present and were close enough to intervene. Anakhu Decl., Ex A ¶ 85. That is insufficient. Again, without knowingly participating, and knowledge of facts that render plaintiff's arrest improper this claim cannot survive against the group 3 officers. Additionally, all officers are entitled to qualified immunity at a minimum on the inadequately pled failure to intervene theory.

As Captain Iocco was the ranking officer on the scene, his arrest of plaintiff, provides a basis for qualified immunity against the officers plaintiff lists for failure to intervene. Heicklen v. Toala, 08 cv 2457, 2010 U.S. Dist. LEXIS 14344 (S.D.N.Y. Feb. 18, 2010) ("Additionally, police officers are shielded from liability if they reasonably rely on a superior officer's plausible orders, which viewed under all the circumstances, could lead an officer to conclude that probable cause exists.")  aff'd sub nom. Heicklen v. Kelly, 409 F. App'x 457 (2d Cir. 2011); See Distefano v. Sedita, 11 cv 1125 (MKB), 2014 U.S. Dist. LEXIS 12592, *35-36 (E.D.N.Y. Jan. 31, 2014) (collecting cases). This is particularly true here, where plaintiff does not plead any

---

[3] To the extent they are found to be parties under the false arrest theory this claim must be dismissed against them.

basis to conclude the officers knew facts that rendered his arrest illegal, or could have intervened, let alone facts that preclude qualified immunity for relying on their commander's decision to arrest.

### PLAINTIFF SETS FORTH NO ARGUMENT AGAINST THE EXECUTIVE DEFENDANTS AND THE CLAIMS AGAINST THEM MUST BE DISMISSED

As it relates to the "Executive Defendants" plaintiff concedes that these individuals were not on the scene and did not order/participate in his arrest. Anakhu Decl., Ex A ¶¶85, 95. Plaintiff also concedes that the scant reference to them in the Complaint is more properly analyzed under his Monell theory against the City of New York. Pl's. Mem. at 26. Essentially, plaintiff's only argument in keeping these defendants in this action is that they are purportedly supervisors and he has sued them in both their official and **individual** capacities. Id. (emphasis in original). This line of thinking is disturbing. "[I]t is blackletter law that '[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates." Bogart v. City of New York, 2015 U.S. Dist. LEXIS 113311, at *12 (S.D.N.Y. 2015) (citing Iqbal, 556 U.S. at 676). While plaintiff references Colon, in passing for the flawed premise that a supervisor can be held liable for a constitutional violation simply because of their title; Colon stresses that "personal involvement of defendants in alleged constitutional deprivations is a *prerequisite* to an award of damages under §1983". Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995). See also Caravalho v. City of New York, No. 13-cv-4174 (PKC)(MHD), 2016 U.S. Dist. LEXIS 44280, at *31 (S.D.N.Y. Mar. 31, 2016) (quoting Colon). Here, plaintiff fails to plausibly allege, outside of conjecture, that former Mayor Michael Bloomberg, former NYPD Commissioner Raymond Kelly and other NYPD high ranking officials: 1) directly participated in, or were in a position to effectively intercede in any alleged constitutional violation; 2) were informed of the constitutional violations but failed to remedy the wrong; 3) created a policy or

custom in which unconstitutional practices occurred or allowed it to continue; 4) were grossly negligent in supervising subordinates who committed wrongful acts; or 5) exhibited deliberate indifference to the rights of others by failing to act on information indicating that unconstitutional acts were occurring.  See Colon, 58 F.3d at 873; see also Bogart v. City of New York, 2015 U.S. Dist. LEXIS 113311, at *13 n.7 (S.D.N.Y. Aug. 25, 2015). Based on the foregoing, all claims against the "Executive Defendants" should be dismissed.

## PLAINTIFF'S EXCESSIVE FORCE CLAIM MUST BE DISMISSED

Plaintiff opposes dismissal of his excessive force claim stating that he was dragged, pushed, and misleadingly stating that he was struck with a baton.  The sections of his complaint he refers to, Anakhu Decl. Ex A ¶¶ 88-90, and 96-97, make no such claims.  This argument is nothing but an attempt to amplify insufficient allegations by repetition in the memorandum.

Where he has failed to plausibly, or even substantially, plead an excessive force claim, it must be dismissed.  "Courts in this Circuit have generally found that handcuffing does not suffice for an excessive force claim unless it causes some injury beyond temporary discomfort or bruising."  Marom v. City of New York, 15 cv 2017 (PKC), 2016 U.S. Dist. LEXIS 28466, *21 (S.D.N.Y. Mar. 7, 2016) (quotation omitted).  With respect to the minimally defined pushing plaintiff's claims still fail.  "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' [], violates the Fourth Amendment. Courts in this district have regularly held that a plaintiff must have sustained some injury to maintain a claim of excessive force."  Id. (collecting cases) (citations omitted); See also Pesola v. City of New York, 15 cv 1917 (PKC), 2016 U.S. Dist. LEXIS 42977, *21-26 (S.D.N.Y. Mar. 30, 2016).

Plaintiff's final unsupported, and thoroughly anecdotal, allegation is that police use tight handcuffs as a 'freebie' to inflict cruelty.  He makes this argument by reference to the Second Circuit decision in Brown v. City of New York, 798 F.3d 94 (2d Cir. 2015).  That case involved

no allegations related to tight handcuffs. More to the point the minimal force there, which included pepper spray and taking an arrestee to the ground, resolved with a finding of qualified immunity. Brown v. City of New York, 13 cv 1018 (KBF) Docket [90] (S.D.N.Y. April 13, 2016). Plaintiff has failed to state, over three complaints, an excessive force claim, and it must be dismissed. Alternatively defendants are entitled to qualified immunity.

## **PLAINTIFF'S MONELL THEORIES MUST BE DISMISSED**

Plaintiff clarifies that he has two separate Monell theories. The first theory turns on the overbroad allegation that the NYPD has a widespread practice to arrest peaceful OWS protestors[4]; the second is a failure to train. Plaintiff's theories must be dismissed.

Plaintiff argues that there is a widespread practice to arrest peaceful protestors because they have alleged a pattern of 2,200 unlawful arrests. Plaintiff couches this argument on the illegitimate conclusion that those 2,200 arrests were unlawful in the first place.

Criminal charges may be dismissed for any number of reasons, many of which have no implications on the lawfulness of the underlying arrest. That is common sense. Plaintiff failed to allege any facts from which the Court could make any reasonable inferences about the dismissals; therefore, there are not enough facts for this Court to infer whether criminal charges against the other arrestees were dismissed because the arrests were unlawful or whether the District Attorney's Office dismissed charges, notwithstanding guilt, for a number of possible reasons – including, but not limited to, convenience or abdication of responsibilities but also mercy in light of the arrestee's prior arrest history and/or the severity of the violation of crime. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to

---

[4] Plaintiff's allegations that these demonstrations were "peaceful" have been contradicted by unbiased evidence. Pluma v. City of New York, 13 cv 2017 (LAP), 2016 U.S. Dist. LEXIS 44227, *3 (S.D.N.Y. Mar. 31, 2016) (noting the "extremely aggressive crowd").

relief." Iqbal, 556 U.S. at 679 (citation and internal quotation marks omitted). The dismissal rate, without more, does not establish that there was a custom or practice of unlawful arrests, let alone that those arrests were causally or sufficiently related to plaintiff's arrest.

This is particularly true here, where plaintiff has apparently forgotten that the Courts in this Circuit, and at the state level have repeatedly found Occupy Wall Street arrests were proper. See e.g. People v. Nunez, 36 Misc.3d 172, 183-84 (N.Y. City Crim. Ct. 2012) (arrests of approximately 200 protestors in Zuccotti Park on November 15, 2011 was lawful); Garcia v. Doe, 779 F.3d 84, 97 (2d Cir. 2014) (arrest of over 700 protestors on the Brooklyn Bridge on October 1, 2011 was lawful); Caravalho v. City of New York, 2016 U.S. Dist. LEXIS 44280 (S.D.N.Y. Mar. 31, 2016) (arrest of approximately 100 protestors on March 17, 2012 was proper); See also Thimmesch v. City of New York, 12 cv 8882 (KBF), 2013 U.S. Dist. LEXIS 53587 (S.D.N.Y. Apr. 9, 2013) (same); Carpenter v. City of New York, 984 F. Supp. 2d 255 (S.D.N.Y. 2013) (arrest of approximately 20 protestors for trespassing in a Citibank was proper). Plaintiff cannot point to a single arrest ruled improper, and instead tries to build this strained theory on a single flawed and flatly misrepresented statistic. Plaintiff attempts to support this with an interpretation of an employment action in Littlejohn v. City of New York 795 F.3d 297 (2d Cir. 2015) in an end run around pleading standards. Application of the Iqbal standard shows that there is no support, pled or otherwise, for his Monell theory. Iqbal, 556 U.S. 662.

Plaintiff next attempts to rely upon a report cut and pasted into the complaint, as it was in Marom, but argues it should not be rejected here. Plaintiff's purported different use is apparently a partial cut and paste of portions of the report into the proposed Second Amended Complaint. This alone, and without specific reference, is futile, and a weak attempt to bootstrap improper material. "Neither a newspaper report nor an academic paper reporting on incidents that ought to be investigated is a showing of anything entitled to a presumption of truth." Marom v. City of

New York, 2016 U.S. Dist. LEXIS 28466 (S.D.N.Y. Mar. 7, 2016) (citing the same report for a nearly identical Monell theory.)

Plaintiff's failure to train theory is similarly implausible and insufficiently pled. At the outset, plaintiff has apparently concluded that their purported 'legal principles' set forth in the complaint cannot be challenged by defendants and any arguments are waived. Plaintiff's 'legal principles' are vague, flawed, and irrelevant. They also are broadly incorrect and require plaintiff's outdated reading of the law. For instance, plaintiff has cited Papineau v. Parmley, 465 F.3d 46, 57 (2d Cir. 2006) for the proposition that there must be a "clear and present danger of riot, disorder [etc.]" for an officer to act at a protest. This misconception has been corrected.

> Papineau is inapposite[]. In Papineau, plaintiffs were protesting on private property bordering a public highway when a handful of protesters briefly entered the highway to distribute pamphlets. Once all participants were back on the property, police officers entered and began arresting protesters indiscriminately and without advance warning. Id. at 53. Because the protest in Papineau occurred on private property and posed no danger of "imminent harm" at the time of the arrests, id. at 60-61, plaintiffs neither needed permission from the police to engage in that protest nor, absent clear orders to disperse, had any notice that they might be engaging in unlawful conduct.
>
> Garcia, 779 F.3d at 94 n11. Any higher standard for law enforcement in Papineau

derives from that protest occurring on private property. Underscoring this point the Papineau court itself held "One would not be justified in ignoring [a] red light because this was thought to be a means of social protest." Papineu, 465 F.3d at 59. This holding highlights what makes plaintiff's alleged lack of training claim deficient. To the extent probable cause existed, even for a minor offense, an arrest is proper. Plaintiff opines the opposite point, but without reference to a proposed training; he does not explain how training would resolve any purported issue; and he does not state a basis to find notice to the defendant. Marom, 2016 U.S. Dist. LEXIS 28466, *75 (dismissing similar Monell theory alleging failure to train) (citing Walker v. City of New York, 974 F.2d 293, 297-98 (2d Cir. 1992). Plaintiff's Monell claim must be dismissed.

## **CONCLUSION**

For these reasons defendants ask that the Court dismiss Plaintiff's Amended Complaint with prejudice, reject his proposed and grant such other relief as the Court deems just and proper.

Dated: New York, New York
April 15, 2016

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-2323

By:       /s/
Joy Anakhu; Andrew Lucas
Senior Counsel
Special Federal Litigation Division

To: VIA ECF
David Thompson
*Attorneys for Plaintiff*
Stecklow & Thompson
217 Centre Street, 6th Floor
New York, NY 1001