UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

LUKE RICHARDSON,

                              Plaintiff,

                -against-

THE CITY OF NEW YORK, a municipal entity,
FORMER NYPD COMMISIONER RAY KELLY,
FORMER MAYOR MICHAEL BLOOMBERG,
FORMER NYPD CHIEF OF PATROL JOSEPH ESPOSITO,
NYPD ASSISTANT CHIEF THOMAS P. PURTELL,
NYPD DEPUTY CHIEF STEVEN ANGER,
NYPD DEPUTY CHIEF JAMES MCNAMARA,
NYPD CAPTAIN MARK IOCCO,
NYPD OFFICER IVAN BAUTISTA (SHIELD NO. 10074),
NYPD OFFICER NELSON FRIAS (SHIELD NO. 4054),
NYPD OFFICER HALIMA SMITH (SHIELD NO. 3680),
NYPD OFFICER EVERETT REYES (SHIELD NO. 14434),
NYPD OFFICER DAVID SCOTT (SHIELD NO. 8533),
NYPD OFFICER CHARLES CAREY (SHIELD NO. 1361),
NYPD "JOHN DOE" SQUAD 1 SERGEANT,
NYPD OFFICER RAYMUNDO FLETE (SHIELD NO. 14271),
NYPD OFFICER VALLISON ISAAC (SHIELD NO. 1647),
NYPD OFFICER "JOHN DOE" SQUAD 1 OFFICER 1,
NYPD OFFICER "JOHN DOE" SQUAD 1 OFFICER 2,
NYPD OFFICER "JOHN DOE" SQUAD 1 OFFICER 3,
SERGEANT CARLETON SUDDLER, NYPD OFFICER REGINA
VAILES (SHIELD NO. 4132),
NYPD OFFICER LUVEN GILBERT-FIGUEROA (SHIELD NO.
9189),
NYPD OFFICER VITO CAMPANELLI (SHIELD NO. 31604),
NYPD OFFICER CHAO LI (SHIELD NO. 28060),
NYPD OFFICER "JOHN DOE" SQUAD 2 OFFICER,
NYPD OFFICER "JOHN DOE" SQUADS LIEUTENANT,
NYPD OFFICER "JOHN DOE" SECOND CAPTAIN,
NYPD OFFICER "JOHN DOE" THIRD SERGEANT,
DET. SOLOMON CHINNERY,
NYPD "JOHN DOE" CAP WEARING OFFICER,

                          Defendants.

-------------------------------------------------------------------- x

**MEMORANDUM OF LAW IN
IN OPPOSITION TO
PLAINTIFF'S MOTION FOR
RECONSIDERATION**

15 CV 5775 (PKC)

## <u>TABLE OF CONTENTS</u>

**TABLE OF CONTENTS** ................................................................................................. ii

**TABLE OF AUTHORITIES** ......................................................................................... iii

**PRELIMINARY STATEMENT** ................................................................................- 1 -

**STANDARD OF REVIEW** .........................................................................................- 2 -

**ARGUMENT** .................................................................................................................- 3 -

    Plaintiff Fails to Address The Courts' Order or the Gaps in his Pleadings and
The Motion for Reconsideration on His Failure to Interevene Claim Should be
Denied. .........................................................................................................................- 3 -

    Plaintiff Fails to Address The Courts' Order or the Gaps in his Pleadings and
The Motion for Reconsideration on His Monell Claim Should be Denied...........- 3 -

**CONCLUSION** ...........................................................................................................- 11 -

## TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal, 556 U.S. 662 (2009)....................................................................... - 4 -, - 11 -

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ................................................... - 11 -

Colvin v. State Univ. Coll. at Farmingdale, 13-CV-3595 (SJF) (ARL), 2015 U.S.
   Dist. LEXIS 61181, **7-9 (E.D.N.Y. May 8, 2015) ............................................ - 2 -

Connick v. Thompson, 563 U.S. 51 (2011) .............................................................. - 1 -

DM Research, Inc. v. Coll. of Am. Pathologists, 170 F.3d 53 (1st Cir. 1999)......... - 11 -

Grand Crossing, L.P. v. United States Underwriters Ins. Co., 03 Civ. 5429 (RJS),
   2008 U.S. Dist. LEXIS 80833, at *7 (S.D.N.Y. Oct. 3, 2008)............................... - 2 -

Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d
   99, 104 (2d Cir. 2013) ......................................................................................... - 2 -

Marom v. City of New York, 15 cv 2017 (PKC) (March 7, 2016) ........................... - 6 -, - 7 -, - 8 -

Papineau v. Parmley, 465 F.3d 46 (2d Cir. 2006)................................................... - 10 -

Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) ............................. - 2 -

Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt., 712 F.3d 705 (2d Cir.
   2013)...................................................................................................................... - 11 -

People v. Jones, 9 N.Y.3d 259 (2007) ..................................................................... - 3 -

SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC, 407 F. Supp. 2d 587, 589
   (S.D.N.Y. 2006) ................................................................................................... - 2 -

Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.
   1992)...................................................................................................................... - 2 -

Wiles v. City of New York, 13cv2898 (TPG) (Oct 25, 2016) ................................... - 10 -

## PRELIMINARY STATEMENT

Plaintiff moves to reconsider two portions of the Court's September 30, 2016 decision, docket entry [83]. Plaintiff argues first that the Court erred in dismissing his failure to intervene claim against five defendants, though he fails to identify any error in the Court's reasoning, or even addressing the central holding of the Court's order with regards to the failure to intervene claim. Plaintiff next argues that the Court erred in dismissing his Monell claim. This argument seeks to have various four sources of support considered on his first Monell theory – to show an unconstitutional widespread pattern of abuse so persistent as to "practically have the force of law." Connick v. Thompson, 563 U.S. 51, 61 (2011). It culminates in a page long dialogue with the Police Commissioner, as imagined by plaintiff's counsel. He also includes a brief paragraph regarding training that appears to seek reconsideration of his second Monell theory, regarding training.

The Court did not overlook plaintiff's pleadings in dismissing his failure to intervene theory and his motion for reconsideration should be denied. His attempt to name 30 individual defendants in this action demonstrates his sweeping and scattershot approach to leveling allegations of unconstitutional conduct against individual officers. Plaintiff's failure to distinguish, or even address, the reasoning in the Memorandum and Order underscores the thoughtful and sound ruling of this Court. Plaintiff's failure to present any allegations sufficient to support a failure to intervene claim require that the claim be dismissed and his motion to reconsider denied.

Plaintiff's Monell argument similarly fails as the Court properly considered the allegations in the proposed amended complaint as set forth, and rightly discounted vague, incomplete, and inaccurate pleadings. Plaintiff's lone attempt to salvage his second Monell theory, of a failure to train presents no new argument or material to support that theory, nor do

plaintiff's pleadings satisfy that exacting standard.

## STANDARD OF REVIEW

"Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Grand Crossing, L.P. v. United States Underwriters Ins. Co., 03 Civ. 5429 (RJS), 2008 U.S. Dist. LEXIS 80833, at *7 (S.D.N.Y. Oct. 3, 2008) (quoting Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)) (internal quotations omitted). Motions for reconsideration are governed by Local Rule 6.3, which requires that "notice of motion for reconsideration or re-argument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." Id. To prevail under Local Rule 6.3, the moving party must "set forth concisely the matters or controlling decisions which counsel believes the court has overlooked." SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC, 407 F. Supp. 2d 587, 589 (S.D.N.Y. 2006).

In deciding a motion for reconsideration, "the court should consider: (1) whether there has been 'an intervening change of controlling law;' (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a 'need to correct a clear error or prevent manifest injustice.'" Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). "Generally, reconsideration is not warranted where the moving party: (1) seeks to introduce additional facts not in the record on the original motion; (2) advances new arguments or issues that could have been raised on the original motion; or (3) seeks solely to re-litigate an issue already decided." Colvin v. State Univ. Coll. at Farmingdale, 13-CV-3595 (SJF) (ARL), 2015 U.S. Dist. LEXIS 61181, **7-9 (E.D.N.Y. May 8, 2015) (collecting cases). For the reasons set forth herein

plaintiff's motion for reconsideration of the September 30, 2016 order should be denied as plaintiff never argues there has been an intervening change in controlling law and instead alternately, <u>inter alia</u>, advances the same arguments from his summary judgment opposition papers and seeks to re-litigate issues already decided.

<u>**ARGUMENT**</u>

**PLAINTIFF FAILS TO ADDRESS THE COURT'S ORDER OR THE GAPS IN HIS PLEADINGS THEREFORE HIS MOTION FOR RECONSIDERATION ON HIS FAILURE TO INTEVENE CLAIM <u>SHOULD BE DENIED.</u>**

In the September 30, 2016 order the Court dismissed plaintiff's Failure to Intervene claims against numerous officers where plaintiff had failed to plausibly set forth facts to support such a theory.

Plaintiff has moved to reconsider arguing primarily that the Court overlooked a single paragraph of the proposed amended complaint ("PAC"), docket entry [81-1], arguing "The Court appears to have overlooked the allegations in paragraph 95." Plaintiff's Memorandum of Law In Support of Reconsideration (Pl MOL), docket entry [87], p. 3. Plaintiff then attempts to extend that argument, limited to five non-parties, to an additional sixteen non-parties. Pl MOL p. 4.

Here plaintiff is attempting to re-litigate issues already decided. He presents no compelling argument or law that militates towards revisiting the Court's considered decision. Plaintiff begins by presenting a lengthy quote from <u>People v. Jones</u>, 9 N.Y.3d 259 (2007), apparently for the proposition that plaintiff was acting lawfully at the time of his arrest. PAC p. 3. This digression overlooks the fact that the Court dismissed his failure to intervene claim, but declined to dismiss his false arrest claim, recognizing that he had pled that point.

Plaintiff then argues in support of his motion that the overlooked paragraph, PAC ¶ 95, states the failure-to-intervene defendants "**<u>must</u>** have seen the plaintiff standing immediately

before they began pushing him." Pl MOL p. 3 (bold and italics in original). In fact, PAC ¶ 95 says nothing of the kind. Indeed, as the Court made specific reference to PAC ¶ 90 in its decision, it is difficult to see how that could have been overlooked.

In fact the Court weighed that argument, including the proximity of the twenty-one failure-to-intervene defendants to plaintiff, and held plaintiff failed to plausibly plead his failure to intervene claim. In particular it was noted that no facts were pled about what these officers were doing, observed, or how they could have known whether the three arresting officers had probable cause. Plaintiff's vague and generalized allegations were properly dismissed, and apart from his claim that the Court overlooked PAC ¶ 95, he presents no new argument, and fails to squarely address the holding of the Court on this point. This is particularly true as the officers would be entitled to rely upon a fellow officer's decision to arrest, particularly a ranking officer such as defendant Captain Iocco.[1]

Fundamentally, plaintiff attempts to argue for a broad sweeping failure to intervene claim that would extend to any officer in a wide radius around an arrest, therefore making them subject to a lawsuit. Plaintiff argues that this claim should apply regardless of that officer's involvement or knowledge, and without reference to the legal requirements of the claim. Even given multiple opportunities to amend, plaintiff's vague and bare allegations fail to plausibly set forth a failure to intervene claim as it is currently defined by law. See Ashcroft v. Iqbal, 556 U.S. 662, 681-82 (2009) (requiring factual allegations of wrongdoing to be "more likely," i.e. plausible, than non-actionable reasons).

---

[1] Incidentally, to the extent this did not require separate dismissal for failure to state a claim, the failure-to-intervene defendants would be entitled to dismissal and immunity under the fellow officer rule in relying upon *inter alia* their ranking supervisor Captain Iocco's decision to arrest.

**PLAINTIFF FAILS TO ADDRESS THE COURT'S ORDER OR THE GAPS IN HIS PLEADINGS THEREFORE HIS MOTION FOR RECONSIDERATION ON HIS MONELL CLAIM SHOULD BE DENIED.**

In seeking reconsideration the Monell claim plaintiff argues in a moment of hubris that if his Monell claim is dismissed it means "there will be no future Monell claims relating to false arrest." Pl MOL p. 6. This continues with grandstanding that the court's decision on his deficient and rote Monell theories have resulted in a so-called "Richardson Rule". Id. Fundamentally, plaintiff presents no new evidence, no unconsidered evidence, no new law, or even any substantively different argument for reconsideration by the Court. Instead, plaintiff attempts to re-litigate his two Monell theories despite their previous dismissal by the court. This begins with the above attempt to overstate his own Monell theories' merit and importance, and ends in an imagined dialogue with the Police Commissioner that reads like a fever-dream.

Plaintiff initially argues in points A-D that the Court should consider various sources that have already been considered by the Court. Plaintiff argues that this Court has failed to consider purported statistics related to dismissal rates of criminal charges of arrestees from Occupy Wall Street events. In fact, the Court considered those allegations in the PAC before dismissing plaintiff's Monell claim. At both pages 27 and 36 of its decision the Court addressed those statistics and found that they were insufficient to support the first Monell theory for the common sense reason that a dismissal of criminal charges does not speak to the propriety of an underlying arrest. September 30, 2016 Order (Order), Docket Entry [83], p. 27, 36. Plaintiff's unmoored basis to move to reconsider this point is the unsupported assertion that "If the District Attorney's office does not prosecute or agrees to dismissal, it is more likely because of a substantive problem with the case than a procedural one." Pl MOL p. 8. Again, this claim cites to no support and was previously argued and rejected by the Court. Nonetheless it is presented again here despite the obvious flaws in reasoning both made explicit in the Court's decision, p. 27, and

readily apparent to anyone who has worked with the justice system.[2]  Clearly the majority of actions before the courts do not proceed to trial.

Plaintiff goes on to opine that a New York State procedural rule related to false arrest claims of individual plaintiffs should be extended to mean that any arrest made without a warrant is unlawful.  This argument exalts form over substance.  Plaintiff seeks to strip the common sense and context in reviewing pleadings urged by the Supreme Court by referencing a far more narrow state standard which is specific to false arrest claims.   While plaintiff proposes this theory, he does so without bothering to address the reasoning of the Court in this case, or the prior arguments of defendants.  Plaintiff has not properly pled whether the statistical numbers he quotes are broken down by offense, which would be necessary to support his Monell claim.  Nonetheless even such a showing would be material only if plaintiff's argument could survive the illogical leap that a lack of a conviction results in notice of a pattern of constitutionally violative arrests.  Certainly, as this Court is aware, New York State does assess false arrest claims with an eye towards the warrant requirement in assessing an individual's false arrest claim.  See Marom v. City of New York, 15 cv 2017 (PKC) (March 7, 2016).  However, there is no support for the argument that a common law rule used by the Court to assess civil cases must be applied by the City or executive defendants in assessing criminal actions, and that it serves as notice.  Certainly there is no support because it is an absurd result.  As the Court stated, and plaintiff's counsel tries to ignore, there are many reasons why a case may be dismissed – and those dismissals are not notice of an unconstitutional practice.[3]

---

[2] This is setting aside the strange incentive that has led plaintiff's counsel to argue for harsher prosecution of protestors.  Plaintiff's counsel is aware that e.g. an offer by the District Attorney of an Adjournment in Contemplation of Dismissal was not uncommon, is a compromise and not considered a favorable termination, but would still be listed as a dismissal.  Under the argument for reconsideration set forth, plaintiff apparently argues that no such offers should have been extended and each of those cases should have proceeded to trial.
[3] Additionally, as set forth infra, a large number of these arrests have been explicitly adjudicated and found to be proper and lawful arrests.  This fact, which plaintiff also attempts to ignore, further undermines his attenuated

Plaintiff next argues that the Court should reconsider its decision on <u>Monell</u> on the basis of the joint NYU/Fordham report alone.  Plaintiff evidently concedes, as the Court held, that the two NYCLU reports were properly disregarded as they bore little relation to this case and provided no support for his first <u>Monell</u> theory.  In asking the Court to reconsider with respect to the joint NYU/Fordham report, plaintiff first overlooks his specific reference and citation to that report.  The NYCLU report and a bulk of the NYU/Fordham report deal with allegations of excessive force. As this Court will remember, plaintiff's excessive force claim was dismissed and  plaintiff does not ask the court to reconsider its decision with regard to excessive force.  Therefore Plaintiff overlooks that his prior references to the NYU/Fordham reports, even if it were sufficient to provide notice, would be a non-sequitor that does not relate to any underlying constitutional violation that remain in this lawsuit.

The remaining portion of the NYU/Fordham report relied upon by plaintiff is at PAC ¶ 185.  However, in looking to that report, and indeed that specific paragraph of the NYU/Fordham report, the Court has previously held that it is insufficient to provide notice and contains only general allegations of misconduct.  Plaintiff does not directly address that argument to provide any basis for reconsideration, nor does he address the additional authority cited by the Court in rejecting that report.  <u>Marom v. City of New York</u>, 2016 U.S. Dist. LEXIS 28466 (S.D.N.Y. Mar. 7, 2016).  Instead, plaintiff engages in an irrelevant and lengthy digression about reports on marijuana arrests during <u>Terry</u> stops.     It is further irrelevant as he anchors none of his discussion of those reports in the context of notice.  As plaintiff has failed to set forth any new argument with respect to the reports, and indeed, as he is merely attempting to re-litigate the same point through this motion to reconsider, this argument must be rejected.

Plaintiff next argues that his <u>Monell</u> claim should be restored because of newspaper

argument.

reports he referenced in his complaint.  Again, this is an argument previously raised and rejected, not overlooked.  This argument cites no relevant law except for three cases presented apparently to discuss the role of the press in a democratic society.  He makes no effort to address the Court's holding that "many of the articles cited in the PAC have nothing to do with the alleged pattern of questionable arrests for disorderly conduct."  Order p. 28.  He again makes no effort to address the authority cited by the Court in dismissing those inapposite press articles as a source of notice. Marom v. City of New York, 2016 U.S. Dist. LEXIS 28466 (S.D.N.Y. Mar. 7, 2016).  As plaintiff has provided no basis for reconsideration of the Court's Order on Monell with regard to the press reports his motion must be denied.

Finally, plaintiff argues that prior litigation provides notice for purposes of Monell.  The argument can be summed up as claiming that the Department of Justice referred to "lawsuits" as notice in one case.  Plaintiff's argument, and Pl MOL fn 6, seem to confuse the issue of whether he is referring to prior lawsuits or prior criminal indictments and prosecutions of prison staff as providing notice.  Regardless, his claim about 18 Occupy Wall Street lawsuits both fails to address the Court's holding and defendants' arguments in opposition.  "The PAC does not explain whether any of the lawsuits resulted in findings of liability against the City or any members of the NYPD, nor does the PAC include any details about the facts and circumstances underlying these lawsuits."  Order p. 28.  Certainly, as the Court reasoned and plaintiff now concedes, only cases filed prior to plaintiff's alleged constitutional violation could even serve as notice, and that reduces to 17 the number of lawsuits.  As the Court correctly observed settlement of a lawsuit does not indicate liability, and plaintiff makes no reference to the resolution of any of these lawsuits outside of settlement.[45]  Even in seeking reconsideration of the few disparate

---

[4] As defendants pointed out in the prior briefing this is necessarily because in evaluating multiple mass arrest situations, as well as individual arrests, the Courts have repeatedly affirmed that the police acted properly when

lawsuits, none of which resulted in a finding of liability, with most of which post-dating plaintiffs' arrest, plaintiff makes no attempt to address the law relied upon by the Court in disregarding those scattered claims.  As such plaintiff's motion for reconsideration should be denied.

Plaintiff presents a single section heading, Pl MOL F., to apparently address his second Monell theory, deliberate indifference for failure to train.  As discussed above, the Court set forth a carefully reasoned 44 page decision.  With respect to plaintiff's failure to train theory that reasoning is laid out at pages 37-41 of the Court's order.  Seeking reconsideration plaintiff has not set forth any specific argument to address the numerous gaps in his theory as laid out by the Court.  Instead, plaintiff has claimed that PAC ¶ 223 and ¶ 225 state that Inspector Winski was responsible for training the "officer who policed Occupy Wall Street events[]" and that he "could not recall any training" on an individual's constitutional rights while policing First Amendment demonstrations.  Pl MOL p. 16.

First, the Court already dealt with this argument and explicitly dismissed it.  Order p. 41. Second, plaintiff never alleged that Inspector Winski was responsible for training the police officers who policed Occupy Wall Street events, or that he conducted any trainings as the instructor.  Third, plaintiff's argument in that regard is based on his own understanding of the law which the Courts have held is incorrect.  Plaintiff complains that "DI Winski [was] ignorant of the fact that, in the context of a protest, probable cause to arrest for disorderly conduct exists only if there is a 'clear and present danger' of an 'immediate threat to public safety, peace, or order.'"  PAC ¶ 228.  In fact, as a Sister Court recently held in a decision finding probable cause

---

arresting Occupy Wall Street protestors.

[5] The Court does make note of one case involving arrests in the East Village.  The Court correctly notes that plaintiff has failed to allege that the case was filed in time to provide notice.  Defendants note, on information and belief, that lawsuit was not filed until November 2012, and as such could not provide notice for plaintiff.

for an arrest on the same date, at nearly the same time, approximately one block from plaintiff Richardson's arrest, that the "clear and present danger" standard plaintiff claims DI Winski is "ignorant of" does not apply.  Wiles v. City of New York, 13cv2898 (TPG) (Oct 25, 2016)[6]. There simply cannot be a failure to train a law, with plaintiff claiming "ignorance" of the non-party police officer, for a law plaintiff flatly does not understand or accurately state.  The test for a failure to train theory is stringent, and a Monell theory is at is most tenuous.

Here plaintiff has made no effort to seriously address, let alone a basis to disturb, the careful reasoning of the Court with respect to his second Monell theory.  As recent decisions by sister Courts have highlighted, the very premise of plaintiff's theory is flawed, even if he had adequately pled such a theory, or explained how it is tied to Plaintiff's arrest.  Order p. 40-41. Fundamentally, as the Court stated, even if plaintiff were correct in his statement of the law, which he is not, as well as any gaps in training related to plaintiff's arrest, his complaint that training is "less than perfect or that additional training would have been helpful, does not establish Monell liability."   Order p. 42 (citations omitted).  Plaintiff's bare paragraph seeking reconsideration of his second Monell theory fails to raise any new law, and merely seeks to improperly re-litigate issues already decided, without even addressing the Court's decision in that regard.  For that reason, plaintiff's Monell theory should be disregarded.

Plaintiff includes two additional arguments in his brief, Pl MOL (G) and (H).  The first briefly presents a policy argument that Monell claims have value by discussing the Floyd litigation.  Plaintiff goes on in section (H) to present a dissembling imagined dialogue with the police commissioner.

---

[6] If the Court recalls, Plaintiff made similar arguments about Papineau v. Parmley, 465 F.3d 46, 57 (2d Cir. 2006) in his opposition to defendants' motion to dismiss.  The Wiles Court recently explained that plaintiff's reasoning as it relates to the "clear and present danger" standard was flawed in that respect as well.

Defendants believe the Court understands the proper role of <u>Monell</u> litigation and declines to engage in any extensive policy debate or pretend conversations.  If plaintiff wishes to do so he is encouraged to bring that to a ballot box or public debate.  Suffice it to say, not every case should have a <u>Monell</u> claim, and this action falls into that category.  Regardless, a tacked on public policy argument is hardly a basis for reconsideration.

With respect to plaintiff's imagined discourse with the police commissioner defendants note only that plaintiff is here seeking reconsideration explicitly on whatever he can "imagine."  Pl MOL p. 18.  However, the Second Circuit and Supreme Court have been clear about the reasons for the appropriately applied pleading standards as laid out in <u>Iqbal</u>.  Far from imaginary, these are controlling law based on true concerns.  "[T]he price of entry, even to discovery, is for the plaintiff to allege a factual predicate concrete enough to warrant further proceedings, which may be costly and burdensome.  Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition...  Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure, as interpreted in <u>Twombly</u> and <u>Iqbal</u>, help to prevent settlement extortion — using discovery to impose asymmetric costs on defendants in order to force a settlement advantageous to the plaintiff regardless of the merits of his suit." <u>Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt.</u>, 712 F.3d 705, 719 (2d Cir. 2013) <u>quoting</u> <u>DM Research, Inc. v. Coll. of Am. Pathologists</u>, 170 F.3d 53, 55 (1st Cir. 1999); <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 559-560 (2007).  For these reasons plaintiff's motion for reconsideration must be denied.

## <u>CONCLUSION</u>

For these reasons defendants ask that the Court deny plaintiff's motion for reconsideration, and grant such other relief as the Court deems just and proper.

Dated: New York, New York
October 28, 2016

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-2323

By:           /s/

Andrew Lucas
Senior Counsel
Special Federal Litigation Division

To:    <u>VIA ECF</u>
David Thompson
*Attorneys for Plaintiff*
Stecklow & Thompson
217 Centre Street, 6th Floor
New York, NY 1001