UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

LUKE RICHARDSON,

                                Plaintiff,

                -against-

MARK IOCCO, et al.,

                            Defendants.

---------------------------------------------------------------------- x

**ANSWER TO FIRST AMENDED COMPLAINT ON BEHALF OF MARK IOCCO, IVAN BAUTISTA AND CARLETON SUDDLER**

15-CV-5775

Jury Trial Demanded

          Defendants, Mark Iocco, Ivan Bautista and Carleton Suddler, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the first amended complaint, respectfully allege, upon information and belief, as follows:

          1.  Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

          2.  Deny the allegations set forth in paragraph "2" of the complaint.

          3.  Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

          4.  Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

          5.  Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to lay venue as stated therein.

          6.  Paragraph "6" is plaintiffs demand for a jury trial to which no response is necessary.

7.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.   Admit the allegations set forth in paragraph "8" of the complaint.

9.   Deny the allegations set forth in paragraph "9" of the complaint, except admit that the City of New York maintains a police department, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Michael Bloomberg is a former Mayor of New York City.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that Raymond Kelly is/was employed by the New York City Police Department.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that Joseph Esposito is/was employed by the New York City Police Department.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that Thomas Purtell is/was employed by the New York City Police Department.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that Steven Anger is/was employed by the New York City Police Department.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that James McNamara is/was employed by the New York City Police Department.

16. Paragraph "16" contains a statement to which no response is necessary as the stated parties are not defendants in this action.

17. Paragraph "17" of the complaint sets forth a conclusion of law to which no response is required.  Admit that Mark Iocco is/was employed by the New York City Police Department.

18. Paragraph "18" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required; to the extent a response is required defendants deny the allegations set forth in paragraph "18."

19. Deny the allegations set forth in paragraph "19" of the complaint, except admit that Ivan Bautista is/was employed by the New York City Police Department.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that Nelson Frias is/was employed by the New York City Police Department.

21. Deny the allegations set forth in paragraph "21" of the complaint, except admit that Halima Smith is/was employed by the New York City Police Department.

22. Deny the allegations set forth in paragraph "22" of the complaint, except admit that Raymundo Flete is/was employed by the New York City Police Department.

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit that Vallison Isaac is/was employed by the New York City Police Department.

24. Paragraph "24" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required; to the extent a response is required defendants deny the allegations set forth in paragraph "24."

25. Paragraph "25" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required; to the extent a response is required defendants deny the allegations set forth in paragraph "25."

26. Paragraph "26" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required; to the extent a response is required defendants deny the allegations set forth in paragraph "26."

27. Paragraph "27" of the complaint sets forth a conclusion of law to which no response is required.  Admit that Carleton Suddler is/was employed by the New York City Police Department.

28. Deny the allegations set forth in paragraph "28" of the complaint, except admit that Everett Reyes is/was employed by the New York City Police Department.

29. Deny the allegations set forth in paragraph "29" of the complaint, except admit that David Scott is/was employed by the New York City Police Department.

30. Deny the allegations set forth in paragraph "30" of the complaint, except admit that Regina Vailes is/was employed by the New York City Police Department.

31. Deny the allegations set forth in paragraph "31" of the complaint, except admit that Luven Gilbert-Figueroa is/was employed by the New York City Police Department.

32. Deny the allegations set forth in paragraph "32" of the complaint, except admit that Vito Campanelli is/was employed by the New York City Police Department.

33. Deny the allegations set forth in paragraph "33" of the complaint, except admit that Chao Li is/was employed by the New York City Police Department.

34. Paragraph "34" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required; to the extent a response is required defendants deny the allegations set forth in paragraph "34."

35. Paragraph "35" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required; to the extent a response is required defendants deny the allegations set forth in paragraph "35."

36. Paragraph "36" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required; to the extent a response is required defendants deny the allegations set forth in paragraph "36."

37. Paragraph "37" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required; to the extent a response is required defendants deny the allegations set forth in paragraph "37."

38. Paragraph "38" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required; to the extent a response is required defendants deny the allegations set forth in paragraph "38."

39. Deny the allegations set forth in paragraph "39" of the complaint, except admit that Solomon Chinnery is/was employed by the New York City Police Department.

40. Paragraph "40" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required; to the extent a response is required defendants deny the allegations set forth in paragraph "40."

41. Deny the allegations set forth in paragraph "41" of the complaint, except admit that Charles Carey is/was employed by the New York City Police Department.

42. Paragraph "42" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required; to the extent a response is required defendants deny the allegations set forth in paragraph "42."

43. Paragraph "43" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required; to the extent a response is required defendants deny the allegations set forth in paragraph "43."

44. Paragraph "44" contains a statement to which no response is required.

45. Paragraph "45" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required; to the extent a response is required defendants deny the allegations set forth in paragraph "45."

46. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "46."

47. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "47."

48. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "48."

49. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "49."

50. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "50."

51. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "51."

52. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "52."

53. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "53."

54. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "54."

55. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "55."

56. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "56."

57. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "57."

58. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "58."

59. Admit that the first OWS protest occurred on or about September 17, 2011, and that protestors occupied Zuccotti Park.

60. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "60."

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "63."

64. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "64."

65. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "65."

66. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "66."

67. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "67."

68. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "68."

69. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "69."

70. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "70."

71. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "71."

72. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "72."

73. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "73."

74. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "74."

75. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "75."

76. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "76."

77. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "77."

78. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "78."

79. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "79."

80. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "80."

81. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "81."

82. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "82."

83. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "83."

84. Deny the allegations set forth in paragraph "84" of the complaint.

85. Deny the allegations set forth in paragraph "85" of the complaint.

86. Deny the allegations set forth in paragraph "86" of the complaint.

87. Deny the allegations set forth in paragraph "87" of the complaint.

88. Deny the allegations set forth in paragraph "88" of the complaint.

89. Deny the allegations set forth in paragraph "89" of the complaint.

90. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "90."

91. Deny the allegations set forth in paragraph "91" of the complaint.

92. Deny the allegations set forth in paragraph "92" of the complaint.

93. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "93."

94. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "94."

95. Deny the allegations set forth in paragraph "95" of the complaint.

96. Deny the allegations set forth in paragraph "96" of the complaint.

97. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "97."

98. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "98."

99. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "99."

100. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "100."

101. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "101."

102. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "102."

103. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "103."

104. Admit that plaintiff was charged with disorderly conduct.

105. Deny the allegations set forth in paragraph "105" of the complaint.

106.   Deny the allegations set forth in paragraph "106" of the complaint.

107.   Deny the allegations set forth in paragraph "107" of the complaint, except admit that plaintiff was transported to One Police Plaza.

108.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "108."

109.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "109."

110.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "110."

111.   In response to the allegations set forth in paragraph "111" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

112.   Paragraph "112" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required; to the extent a response is required defendants deny the allegations set forth in paragraph "112."

113.   Deny the allegations set forth in paragraph "113" of the complaint.

114.   Deny the allegations set forth in paragraph "114" of the complaint.

115.   Deny the allegations set forth in paragraph "115" of the complaint.

116.   Deny the allegations set forth in paragraph "116" of the complaint.

117.   Deny the allegations set forth in paragraph "117" of the complaint.

118.   Deny the allegation of defendants' alleged conduct as set forth in paragraph "118" of the complaint.

119.   Paragraph "119" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required; to the extent a response is required defendants deny the allegations set forth in paragraph "119."

120.   Deny the allegations set forth in paragraph "120" of the complaint.

121.   Deny the allegations set forth in paragraph "121" of the complaint, except admit that plaintiff was arrested.

122.   Deny the allegations set forth in paragraph "122" of the complaint.

123.   Deny the allegation of defendants' alleged conduct as set forth in paragraph "123" of the complaint.

124-128.   Paragraphs "124-128" pertain to plaintiff's excessive force claim to which no response is necessary as per the Court's Memorandum and Order dated September 30, 2016.

129-135.   Paragraphs "129-135" pertain to plaintiff's failure to intervene claim to which no response is necessary as per the Court's Memorandum and Order dated September 30, 2016, and the Court's Order dated July 5, 2017.

136-298.   Paragraphs "136-298" pertain to plaintiff's Monell claim to which no response is necessary as per the Court's Memorandum and Order dated September 30, 2016, and the Court's Order dated July 5, 2017.

### FIRST AFFIRMATIVE DEFENSE:

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision

thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE:

Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants.

### FOURTH AFFIRMATIVE DEFENSE:

Plaintiff has failed to comply with the conditions precedent to suit.

### FIFTH AFFIRMATIVE DEFENSE:

There was probable cause for plaintiff's arrest, detention and prosecution.

### SIXTH AFFIRMATIVE DEFENSE:

Plaintiff's claims may be barred by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE:

At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully and in good faith in the exercise of their discretion.   Consequently, defendant, City of New York, is entitled to governmental immunity.

### EIGHTH AFFIRMATIVE DEFENSE:

Plaintiff has failed, in whole or in part, to comply with New York General Municipal Law § 50-e, §50-h, §50-k and §50-i.

### NINTH AFFIRMATIVE DEFENSE:

Plaintiff provoked any incident.

### TENTH AFFIRMATIVE DEFENSE:

Punitive damages cannot be awarded against the City of New York.

### ELEVENTH AFFIRMATIVE DEFENSE:

Plaintiff has failed to mitigate his alleged damages.

### TWELFTH AFFIRMATIVE DEFENSE:

At all times relevant to the acts alleged in the complaint, the individual defendants acted reasonably in the proper and lawful exercise of their discretion.

### THIRTEENTH AFFIRMATIVE DEFENSE:

The individual defendants are entitled to qualified immunity from liability.

### FOURTEENTH AFFIRMATIVE DEFENSE:

Defendants are entitled to the protections afforded by the Vehicle and Traffic Law, including but not limited to VTL § 1104.

**WHEREFORE,** defendants request judgment dismissing the complaint in its entirety together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      July 19, 2017

ZACHARY W. CARTER
Corporation Counsel
of the City of New York
*Attorney for Defendants, Mark Iocco, Ivan Bautista and Carleton Suddler*
100 Church Street
New York, New York 10007
(212) 356-3518

By:      /s/
      _____
      Amy Robinson
      Special Federal Litigation Division

To:    David Thompson, Esq. (by ECF)
      *Attorney for Plaintiff*

15-CV-5775

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUKE RICHARDSON,

                                        Plaintiff,

                    -against-

MARK IOCCO, et al.,

                                        Defendants.

**ANSWER TO FIRST AMENDED
COMPLAINT ON BEHALF OF MARK
IOCCO, IVAN BAUTISTA
AND CARLETON SUDDLER**

*ZACHARY CARTER*

*Corporation Counsel of the City of New York
Attorney for Defendant City of New York
100 Church Street
New York, New York  10007*

*Of Counsel:  Amy Robinson
Tel:  (212) 356-3518
NYCLIS No. 2015-036198*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ............................................, 2017*

*.......................................................... Esq.*

*Attorney for ..........................................................*